UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| K. PETROLEUM, INC., | ) | |
| | ) | Civil No. 11-108-GFVT |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM OPINION** |
| | ) | **&** |
| MAUDIE SHEPHERD, | ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

*** *** *** ***

When Maudie Shepherd sold her natural gas rights almost ten years ago, K. Petroleum, Inc. (KPI) thought it was purchasing a fee simple interest in those rights. Instead, KPI received a life estate from Ms. Shepherd, then eighty-seven years old. That circumstance prompted this law suit and KPI's Motion for Summary Judgment. For the reasons set out below, that motion will be DENIED IN PART.

**I.**

The facts of this case are largely matters of public record. Maudie Shepherd purchased sixty-eight acres of real property in Clay County, Kentucky in 1971. [R. 19-1 at 1.] Maudie leased the oil and gas production rights from that property during the mid-1980s, [R. 19-3 at 12] and sold 2.78 acres of that tract of land to her son, Jimmy Shepherd, at some point before 1991. [*Id*. at 13.] In 1991, Maudie conveyed the rest of the property at issue to Jimmy except that she severed and reserved natural gas rights from the conveyance: "all of the right, title, and interest in and to all natural gas in or under said property and any royalties therefrom for [Maudie's] life,

with the remainder to vest in [Jimmy] immediately upon her death." [*Id.* at 13.] Jimmy predeceased Maudie, dying intestate in 1994 and passing the acreage and his future interest to Jimmy Todd Shepherd, Raleigh P. Shepherd, and Whitney Shepherd Griffin. [R. 19-1 at 2.]

Maudie, meanwhile, retained her life estate in the property's natural gas rights until 2003. [R. 19-1 at 2.] At that time, Maudie contracted with KPI to sell rights to the natural gas in exchange for a one-time payment of $17,000. Of no apparent import to KPI, Whitney Griffin obtained title to the entire sixty-eight acres in 2006. [R. 19-1 at 2.] Whitney also acquired the future interest in the property's natural gas, though she was unaware at the time of purchase that those rights had been severed.

Whitney's lack of awareness of the severance led to a dispute with KPI, which resulted in this action. After Whitney's purchase, her attorney and KPI's counsel began communicating about a dispute involving a natural gas well on Whitney's property. [R. 18-2 at 37; *see also id*. at 38-45.] Whitney believed she was owed royalties from KPI, [*Id*. at 43] and KPI contended it owned all of the property's mineral rights [*Id*. at 38.] In working to resolve that matter, close examination of the relevant deeds took place and in 2010 Maudie's clearly recorded reservation was unearthed. [R. 18-2 at 37; R. 19-3 at 20-23.]

KPI's two claims against Maudie arise from the deed conveyed by her to KPI and her lack of disclosure that she could only convey a life estate. KPI alleges that Maudie violated the deed conveying natural gas rights by granting interests she did not own. [R. 1 at 2.] For the reasons outlined below, the Court will refrain from ruling on this claim and order KPI to engage in additional briefing if it desires to pursue summary judgment. KPI also charges that Maudie perpetrated a fraud on KPI. As to this claim, the Court will deny KPI's motion.

2

## II.

### A.

This action is in federal court on the basis of diversity jurisdiction, 28 U.S.C. § 1332. Because Kentucky is the forum state, its substantive law will be used. *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 526 (6th Cir. 2006) (citations omitted). However, federal procedural law will be utilized, including in establishing the appropriate summary judgment standard. *Weaver v. Caldwell Tanks, Inc.*, 190 F. App'x 404, 408 (6th Cir. 2006).

Summary judgment is appropriate where "the pleadings, discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323-25 (1986). "A genuine dispute exists on a material fact, and thus summary judgment is improper, if the evidence shows 'that a reasonable jury could return a verdict for the nonmoving party.'" *Olinger v. Corp. of the President of the Church*, 521 F. Supp. 2d 577, 582 (E.D. Ky. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). Stated otherwise, "[t]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252.

The moving party has the initial burden of demonstrating the basis for its motion and identifying those parts of the record that establish the absence of a genuine issue of material fact. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002). The movant may satisfy its burden by showing "that there is an absence of evidence to support the non-moving party's case." *Celotex Corp.*, 477 U.S. at 325. Once the movant has satisfied this burden, the non-

moving party must go beyond the pleadings and come forward with specific facts to demonstrate there is a genuine issue. *Hall Holding*, 285 F.3d at 424 (citing *Celotex*, 477 U.S. at 324). In applying the summary judgment standard, the Court must review the facts and draw all reasonable inferences in favor of the non-moving party. *Logan v. Denny's, Inc.*, 259 F.3d 558, 566 (6th Cir. 2001) (citing *Liberty Lobby*, 477 U.S. at 255).

## B.

KPI is the moving party and therefore bears the burden of presenting adequate evidence in support of the claim on which it seeks judgment. *Chao*, 285 F.3d at 424. But evidence can only be determined to be adequate and useful when it is put in context by a particular claim.

Maudie's Response indicates there is confusion about the breach of contract/breach of warranty claim KPI is attempting to assert. [*Compare* R. 19-1 at 4 *and id*. at 3.] Maudie believes the issue of contract ambiguity may be pertinent, but Maudie also discusses breach of the general warranty contained in the deed. This confusion is justified because KPI fails to outline the claim it is pursuing. No case is cited laying out a claim's elements. In fact, no substantial legal argument about the basis for this breach claim exists. In KPI's motion, the legal analysis consists of a declaration: "Plaintiff was deceived by Defendant Maudie Shepherd who sold Plaintiff a mineral estate that she had previously conveyed, subject only to her life estate." [R. 18-1 at 5.] In KPI's Reply, another attempt at legal argument is presented, but the argument's essence is that KPI would never pay $17,000 to an eighty-seven year-old woman for mineral rights that lapse at her death. [R. 20 at 1.] Because such a thing would be "patently preposterous," [*id*.] entering into such a contract could never be KPI's intent. [*Id*.]

KPI bypassed legal analysis in favor of discussing the damages it claims it is owed. But

4

damages are only owed upon a finding that one has committed a legal wrong. In spite of KPI's cursory argument, denying its motion is imprudent. This is because the issue in need of resolution will most likely be an issue of contract interpretation, and "the construction and interpretation of a contract, including questions regarding ambiguity, are questions of law to be decided by the court." *Frear v. P.T.A. Indus., Inc.*, 103 S.W.3d 99, 105 (Ky. 2003). Consequently, outright denying KPI's motion may just delay resolving this issue until even closer to trial—a detrimental outcome for all.

The Court therefore orders that KPI must supplement its motion with proper legal and factual support within seven days of the date of entry of this order or the Court will deny its motion as to this claim. If KPI files a supplementary brief, Maudie will be given seven days from the date of KPI's filing to respond.

### C.

KPI's remaining claim is that Maudie committed a fraud on KPI. The evidence of fraud is that Maudie possessed a life estate but purported to sell KPI a fee simple. KRS § 381.150 states that when this situation arises, the purchaser only receives the seller's actual interest, meaning KPI paid a fee simple price for a life estate interest.

Maudie argued against KPI's claim on two grounds: first, she claimed that the applicable statute of limitations barred this claim; second, Maudie contended that KPI failed to carry its burden of showing there was no genuine issue of a material fact. Maudie's first argument is misplaced, and this claim is timely. However, KPI's motion is still denied because it has not carried its burden.

Ky. Rev. Stat. (KRS) § 413.120(12) sets the statute of limitations for fraud claims at five

years. Under that rule, KPI's limitations period would have expired in 2008. However, as KPI noted, KRS § 413.130(3) provides a safety valve, dictating that the statute of limitations on a fraud claim does not accrue until the fraud is discovered, with the caveat that "the action shall be commenced within ten (10) years after the time of making the contract or the perpetration of the fraud." The underlying contract was entered into in 2003, but the cause of action did not accrue until 2010, and this action was filed in 2011. Consequently, the statute of limitations does not impact this claim.

A fraud claim in Kentucky has six elements that must be proven by clear and convincing evidence: (1) a material representation; (2) which is false; (3) which is known to be false or made recklessly; (4) made with inducement to be acted upon; (5) acted in reliance thereon; and (6) causing injury. *Yeager v. McLellan*, 177 S.W.3d 807, 809-10 (Ky. 2005) (citation omitted). Significant questions persist about at least one of these elements, especially when viewed in the light most favorable to Maudie, and so KPI's motion will be denied.

The representation on which this claim is based is that Maudie purported to convey a fee simple yet only owned a life estate. KPI's fraud claim fails because it has not introduced any evidence showing that Maudie made that representation to induce KPI to act. In other words, there has been no suggestion that Maudie believed KPI would only be interested in purchasing her rights if she could convey a fee simple. If Maudie did not know that, then the fact that she possessed a life estate but attempted to convey a fee simple demonstrates mistake or perhaps confusion. Her motives might have been nefarious, and additional evidence may show that, but that evidence is not currently before the Court. Because KPI did not prove this element, its summary judgment argument must be denied.

## III.

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Plaintiff KPI's Motion for Summary Judgment [R. 18] as to its claim for breach of contract/breach of warranty will remain pending for seven days following the date of entry of this order in order to allow KPI to supplement its motion with sufficient legal and factual support. If KPI does not file supplementary materials in that time, KPI's motion on this claim will be denied;

2. KPI's Motion for Summary Judgment as to its claim for fraud against Maudie Shepherd is **DENIED**; and

3. The dates for the Final Pretrial Conference and Jury Trial remain as scheduled [R. 10].

This 14th day of December, 2012.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge